AARON BOGARTZ, an Infant, by JACOB BOGARTZ, His Guardian ad Litem, et al., Respondents, *v.* VINCENT ASTOR, Respondent.

ARCY DOLL & TOY MANUFACTURING COMPANY, Appellants; TRAVELERS INSURANCE COMPANY, Respondent.

Argued November 29, 1944; decided December 30, 1944.

*Samuel D. Lasky, Harry J. Winick, Joseph J. Grumet* and *Benjamin Barnett* for appellant. The provision in section 14-a of the Workmen's Compensation Law is as the statute denominates it, " double compensation ", and is not a fine or penalty for employing a minor. As doubled compensation the amount paid by the lienor-appellant supports the lien. (Workmen's Compensation Law, §§ 14-a, 29; *Matter of Tesar* v. *National Ventilating Co.*, 227 App. Div. 333; *In re Dearborn Mfg. Corporation*, 92 F. 2d 416.)

*Sidney J. Feltenstein* for plaintiffs-respondents. I. This appeal should be dismissed by this court. The appeal is *not* an appeal from a final order; *ergo*, it is not cognizable in this court as a subject of appeal. II. The provisions of section 14-a of the Workmen's Compensation Law are penal in effect. (*Matter of Tesar* v. *National Ventilating Co.*, 227 App. Div. 333; *Matter of Kast* v. *Lacona Sand & Gravel Co.*, 250 App. Div. 679.)

*Frederic J. Locker* and *E. C. Sherwood* for Vincent Astor and another, respondents. Appellant is not given a lien by the Workmen's Compensation Law. (*Matter of Tesar* v. *National Ventilating Co.*, 227 App. Div. 333; *Matter of Kast* v. *Lacona Sand & Gravel Co.*, 250 App. Div. 679.)

LOUGHRAN, J. Section 14-a of the Workmen's Compensation Law says in part:

" *Double compensation and death benefits for minors illegally employed.*

" 1. Compensation and death benefits as provided in this article shall be double the amount otherwise payable if the injured employee at the time of the accident is a minor under eighteen years of age employed, permitted or suffered to work in violation of any provision of the labor law or in violation of any rule heretofore or hereafter adopted by the [State industrial] board pursuant to subdivision eleven of section one hundred and forty-six of said law.

" 2. The employer alone and not the insurance carrier shall be liable for the increased compensation or increased death benefits provided for by this section. Any provision in an insurance policy undertaking to relieve an employer from such increased liability shall be void."

This case presents questions as to the nature of the extra payment so prescribed.

In September, 1941, a minor, who was then seventeen years old, was employed by a manufacturing concern whose business was carried on in premises owned by one Astor. In the course of such employment, the minor was injured through Astor's negligence and thereupon the insurance carrier of the employer paid to the minor an award of workmen's compensation. The employment of the minor was a violation of subdivision 1 of section 131 of the Labor Law. Consequently a further sum equal to the amount of the award was paid by the employer to the minor pursuant to the above words of section 14-a.

Thereafter the minor sought recovery of his damages from Astor in a third party action. When that litigation had been settled for $9,000, the employer filed against the proceeds of the settlement a lien for the sum by which the employer had increased the amount that the minor received from the insurance carrier. At the instance of the minor, this lien was vacated by the court at Special Term. The Appellate Division affirmed by a divided vote and the employer then brought the case here.

In the view of the courts below, the additional payment exacted by section 14-a is in the nature of a penalty which — for the sake of the general safety of minors — ought under all circumstances to be borne by the employer. (182 Misc. 214.) But section 14-a says nothing of that kind. On the contrary, section 14-a speaks of " double compensation " and " increased compensation; " and this word " compensation " is in the statute said to mean a " money allowance payable to an employee or to his dependents as provided for in this chapter ". (Workmen's Compensation Law, § 2, subd. 6.)

The lien upon this minor's recovery against Astor was asserted by the employer on the strength of section 29 of the Workmen's Compensation Law. It is thereby provided that an employee, who has been wrongfully injured by another not in the same employ, may pursue his remedy against such other subject to the provisions of the statute. " In such case [says section 29], the state insurance fund, if compensation be payable therefrom, and otherwise the person, association, corporation or insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any

recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of *the total amount of compensation awarded* under or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier '' (The emphasis is ours).

In the light of the foregoing provisions, the extra payment required by section 14-a cannot be conceived of as a mere pecuniary punishment of the employer or indeed as anything essentially different from the other monetary benefits secured by the statute to workmen and their dependents. Our decision in *Matter of Molnia* v. *Kaplan & Co.* (293 N. Y. 700) was of like purport.

To our minds, there is nothing strange in calling upon an injured employee to make full restoration of workmen's compensation received by him, in case he is thereafter made whole through recovery from a third party for the same injury. But whether strange or no, such is the plain requirement of the statute and that is an end of the controversy. (See *Matter of McNerney* v. *City of Geneva*, 290 N. Y. 505.)

The orders should be reversed, with costs, and the motion denied. (See 293 N. Y. 763, 294 N. Y. 664.)

LEHMAN, Ch. J., RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Orders reversed, etc.