JOHN A. JOHNSON & SONS, INC., Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 30226.)

Court of Claims, July 5, 1951.

*Max E. Greenberg* and *Robert G. Goldstein* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Donald C. Glenn* of counsel), for defendant.

YOUNG, J. Claimant corporation did construction work for the State under a contract which called for payment on a cost-plus basis. Emanuel De Grazia was hired by the claimant as a carpenter's helper after he had filled out a card stating that he was eighteen years old, and after he had presented to the claimant a union card such as were only granted to eighteen-year-old men or over.

De Grazia was injured in the course of his employment and it was discovered, when he filed a claim under Workmen's Compensation, that he was actually seventeen years old. The claimant was held to have violated section 131 of the Labor Law in that it had hired a child under eighteen without having on file in its office a vacation work permit or a special employment certificate. By virtue of section 14-a of the Workmen's Compensation Law, De Grazia was awarded double compensation, the claimant's insurance carrier paying half and the claimant the balance. This balance, plus its attorney's fees in the compensation action, the claimant considers part of its construction costs under its contract with the State, and for this it has brought claim.

The payment by the employer to De Grazia was not a penalty imposed to punish the claimant but was compensation to the employee. (*Bogartz* v. *Astor*, 293 N. Y. 563; *Matter of Industrial Comr.* v. *McCarthy,* 295 N. Y. 443.) Being compensation, it would seem that it would be a usual and ordinary construction cost, especially since the contract provides that the cost should include "disbursements made for or in connection with damages to property and any or all other damages and losses sustained or for judgments entered in excess of amounts, if any, collected from insurance purchase".

However, claimant's contract also provided: "(VI) If pursuant to this agreement, the 'Contractor' is reimbursed by the 'State' for any disbursements made for, or in connection with damages to property or any other damages or losses sustained or for judgments entered in excess of amounts, if any, collected from insurance purchases, or for any disbursements made either in defense or settlement of claims against the 'Contractor' arising out of the performance of the work, or both, and if such disbursements were made necessary because of the negligence, malfeasance, misfeasance, or nonfeasance, of the 'Contractor' or its officers, agents, or employees, or any of them, such disbursements shall not be included in ' cost to the Contractor ' for the purpose of determining the 'Contractor' fee."

The expenses for which claim is brought were made necessary by the failure of the contractor to observe the statutory requirements for the filing of working papers. That this is nonfeasance is obvious when considering the definition of that term — the omission of an act which ought to be done. (Black's Law Dictionary [3d ed.], p. 1255.) By the terms of the contract, these expenses cannot be computed as part of the claimant's cost.

The claim is dismissed.