[863 NE2d 1012, 831 NYS2d 760]

PAUL SPERRY, on Behalf of Himself and All Others Similarly Situated, Appellant, v CROMPTON CORPORATION et al., Respondents, et al., Defendants.

Argued January 10, 2007; decided February 22, 2007

**POINTS OF COUNSEL**

*Milberg Weiss Bershad & Schulman LLP,* New York City (*J. Douglas Richards* and *Michael M. Buchman* of counsel), *Carey & Danis LLP,* St. Louis, Missouri (*Michael J. Flannery* and *James J. Rosemergy* of counsel), *Lerach Coughlin Stoia Geller Rudman & Robbins LLP,* San Diego, California (*Bonney E. Sweeney* of counsel), *Robbins Umeda & Fink, LLP* (*Brian J. Robbins* of counsel), and *Maricic & Goldstein LLP,* Rancho Cucamongo, California (*David M. Goldstein* of counsel), for appellant. I. The dismissal below of plaintiff's Donnelly Act claim

was incorrect and should be reversed. (*Cox v Microsoft Corp.,* 290 AD2d 206; *Paltre v General Motors Corp.,* 26 AD3d 481; *Anheuser-Busch, Inc. v Abrams,* 71 NY2d 327; *Bogartz v Astor,* 293 NY 563; *Sicolo v Prudential Sav. Bank of Brooklyn, N.Y.,* 5 NY2d 254; *Bertha Bldg. Corp. v National Theatres Corp.,* 269 F2d 785; *Matter of Gaines v New York State Div. of Hous. & Community Renewal,* 90 NY2d 545; *Gunther v Abrams,* 189 AD2d 607; *Feder v Caliguira,* 8 NY2d 400; *Ethicon, Inc. v Aetna Cas. & Sur. Co.,* 737 F Supp 1320.) II. The dismissal below of plaintiff's unjust enrichment claims also was incorrect and should be reversed. (*Cox v Microsoft Corp.,* 8 AD3d 39; *Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.,* 41 NY2d 84; *Manufacturers Hanover Trust Co. v Chemical Bank,* 160 AD2d 113; *In re K-Dur Antitrust Litig.,* 338 F Supp 2d 517; *Dubai Islamic Bank v Citibank, N.A.,* 126 F Supp 2d 659; *In re Cardizem CD Antitrust Litig.,* 105 F Supp 2d 618; *Muehlbauer v General Motors Corp.,* 431 F Supp 2d 847; *Kagan v K-Tel Entertainment,* 172 AD2d 375; *Heller v Kurz,* 228 AD2d 263; *Outrigger Constr. Co. v Bank Leumi Trust Co. of N.Y.,* 240 AD2d 382.)

*O'Melveny & Myers LLP,* Washington, D.C. and New York City (*Ian Simmons, Jonathan D. Hacker, Benjamin G. Bradshaw, Mark Davies, Matthew Cosgrove* and *Nilam A. Sanghvi* of counsel), *Gibson, Dunn & Crutcher LLP,* Los Angeles, California and Washington, D.C. (*Daniel G. Swanson, D. Jarrett Arp* and *Cynthia E. Richman* of counsel), *Covington & Burling LLP,* Washington, D.C. (*William D. Iverson* and *Michael J. Fanelli* of counsel), and *Jones Day,* New York City and Washington, D.C. (*J. Andrew Read* and *Catherine M. Ferrara-Depp* of counsel), for respondents. I. Plaintiff cannot bring a class action suit under the Donnelly Act. (*Sega v State of New York,* 60 NY2d 183; *Cunningham v Bayer AG,* 24 AD3d 216; *Cox v Microsoft Corp.,* 290 AD2d 206; *Asher v Abbott Labs.,* 290 AD2d 208; *Lennon v Philip Morris Cos.,* 189 Misc 2d 577; *Russo & Dubin v Allied Maintenance Corp.,* 95 Misc 2d 344; *Leider v Ralfe,* 387 F Supp 2d 283; *Fults v Munro,* 202 NY 34; *Lyke v Anderson,* 147 AD2d 18; *Leh v General Petroleum Corp.,* 330 F2d 288.) II. Plaintiff cannot bring a class action suit based on New York unjust enrichment law. (*Bradkin v Leverton,* 26 NY2d 192; *Miller v Schloss,* 218 NY 400; *Southern Pacific Co. v Darnell-Taenzer Lumber Co.,* 245 US 531; *Palsgraf v Long Is. R.R. Co.,* 248 NY 339; *Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.,* 3 NY3d 200; *Van Dussen-Storto Motor Inn v Rochester Tel. Corp.,* 63 AD2d 244; *Joan Hansen & Co. v Everlast World's Boxing*

*Headquarters Corp.,* 296 AD2d 103; *Shortcuts Editorial Servs. v Kaleidoscope Sports & Entertainment,* 183 Misc 2d 334; *Cox v Microsoft Corp.,* 8 AD3d 39; *Manufacturers Hanover Trust Co. v Chemical Bank,* 160 AD2d 113.)

*Andrew Cuomo, Attorney General,* New York City (*Caitlin J. Halligan, Michelle Aronowitz, Jay L. Himes, Daniel Chepaitis* and *Sarah Hubbard* of counsel), for State of New York, amicus curiae. I. An action brought pursuant to General Business Law § 340, which the Legislature explicitly denominated an "action to recover damages," is not an "action to recover a penalty" within the meaning of CPLR 901 (b). (*Cox v Microsoft Corp.,* 290 AD2d 206; *Asher v Abbott Labs.,* 290 AD2d 208; *Paltre v General Motors Corp.,* 26 AD3d 481; *Cunningham v Bayer AG,* 24 AD3d 216; *Matter of Sackolwitz v Hamburg & Co.,* 295 NY 264; *Bogartz v Astor,* 293 NY 563; *Cox v Lykes Bros.,* 237 NY 376; *Pruitt v Rockefeller Ctr. Props.,* 167 AD2d 14; *Matter of Charter Dev. Co., L.L.C. v City of Buffalo,* 6 NY3d 578; *Illinois v Harper & Row Publs., Inc.,* 301 F Supp 484.) II. It is well established that unjust enrichment may exist without privity between defendant and plaintiff. (*Farash v Sykes Datatronics,* 59 NY2d 500; *Goldman v Metropolitan Life Ins. Co.,* 5 NY3d 561; *Cox v Microsoft Corp.,* 8 AD3d 39; *Parsa v State of New York,* 64 NY2d 143; *Bradkin v Leverton,* 26 NY2d 192; *State of New York v Barclays Bank of N.Y.,* 76 NY2d 533; *3105 Grand Corp. v City of New York,* 288 NY 178; *Whiting v Hudson Trust Co.,* 234 NY 394; *Simonds v Simonds,* 45 NY2d 233; *Kagen v K-Tel Entertainment,* 172 AD2d 375.)

*Kirby McInerney & Squire, LLP,* New York City (*Daniel Hume* of counsel), for American Antitrust Institute, amicus curiae. I. The issue is crucial to the enforcement of the antitrust laws. (*Illinois Brick Co. v Illinois,* 431 US 720; *Rand v Monsanto Co.,* 926 F2d 596.) II. Antitrust "treble" damages actions are not a penalty. (*Reiter v Sonotone Corp.,* 442 US 330.) III. Antitrust "treble" damages, when viewed correctly, are actually only single damages, and therefore are not a penalty. IV. Permitting indirect purchaser suits would not lead to overdeterrence.

*Mayer, Brown, Rowe & Maw LLP,* New York City (*Philip Allen Lacovara, Lauren R. Goldman* and *Daniel B. Kirschner* of counsel), and *National Chamber Litigation Center, Inc.,* Washington, D.C. (*Robin S. Conrad* and *Amar D. Sarwal,* admitted pro hac vice, of counsel), for Chamber of Commerce of the United States of America, amicus curiae. I. The Legislature's

decision not to authorize individual class actions under the Donnelly Act was a sound policy choice that is entitled to deference. (*Paltre v General Motors Corp.*, 26 AD3d 481; *Cox v Microsoft Corp.*, 290 AD2d 206; *Asher v Abbott Labs.*, 290 AD2d 208; *Lennon v Philip Morris Cos.*, 189 Misc 2d 577; *Russo & Dubin v Allied Maintenance Corp.*, 95 Misc 2d 344; *Leider v Ralfe*, 387 F Supp 2d 283; *Illinois Brick Co. v Illinois*, 431 US 720; *California v ARC America Corp.*, 490 US 93; *In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F3d 98; *Castano v American Tobacco Co.*, 84 F3d 734.) II. Allowing plaintiff to maintain his unjust enrichment claim would permit an end run around the Donnelly Act's limitations and distort general principles of standing. (*Associated Gen. Contractors of Cal., Inc. v Carpenters*, 459 US 519; *Holmes v Securities Investor Protection Corporation*, 503 US 258; *Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561; *Cox v Microsoft Corp.*, 8 AD3d 39; *3105 Grand Corp. v City of New York*, 288 NY 178; *Whiting v Hudson Trust Co.*, 234 NY 394; *Simonds v Simonds*, 45 NY2d 233; *A.O. Fox Mem. Hosp. v American Tobacco Co.*, 302 AD2d 413; *Van Dussen-Storto Motor Inn v Rochester Tel. Corp.*, 63 AD2d 244.)

*Labaton Sucharow & Rudoff LLP,* New York City (*Bernard Persky* and *Kellie Safar* of counsel), *Michael Schuster,* Washington, D.C., *Stacy J. Canan, Sarah Lenz Lock* and *Bruce Vignery* for AARP, amicus curiae. The lower court erred by dismissing the suit based on its statutory interpretation that the treble damages provision of the Donnelly Act constitutes a penalty under CPLR 901 (b). In so doing, it failed to consider the legislative history of the 1998 amendment to the Donnelly Act granting antitrust standing to indirect purchasers, reflecting the obvious intention of the Legislature to allow consumer class actions. Alternatively, assuming, arguendo, that the Donnelly Act's treble damages provision is a penalty, the lower court erred by disregarding the plain language and legislative history of CPLR 901 (b) itself, which allows a representative plaintiff to waive a penalty in order to bring a class action. (*In re Cardizem CD Antitrust Litig.*, 391 F3d 812; *Friar v Vanguard Holding Corp.*, 78 AD2d 83; *Trump v Trump*, 179 AD2d 201; *Brzychnalski v Unesco, Inc.*, 35 F Supp 2d 351; *Pesantez v Boyle Envtl. Servs.*, 251 AD2d 11; *Ridge Meadows Homeowners' Assn. v Tara Dev. Co.*, 242 AD2d 947; *Cox v Microsoft Corp.*, 8 AD3d 39; *Super Glue Corp. v Avis Rent A Car Sys.*, 132 AD2d 604; *Weinberg v Hertz Corp.*, 116 AD2d 1; *Hauptman v Helena Rubinstein, Inc.*, 114 Misc 2d 935.)

## OPINION OF THE COURT

GRAFFEO, J.

Because we conclude that the treble damages provision in General Business Law § 340 serves as a penalty for purposes of CPLR 901 (b), such damages are not recoverable in a class action. We therefore affirm the order of the Appellate Division so holding.

Defendants Crompton Corporation, Uniroyal Chemical Company, Inc., Uniroyal Chemical Company, Ltd., Flexsys NV, Flexsys America LP, Bayer AG, Bayer Corporation, Rhein Chemie Rheinau GmbH and Rhein Chemie Corporation produce and sell rubber-processing chemicals that improve the durability, color control and heat resistance of rubber products, including tires, belts, hoses and footwear.[1] Defendants do not manufacture or sell these end products.

In 2002, plaintiff Paul Sperry commenced this purported class action against defendants seeking damages on behalf of himself and all other consumers "who purchased tires, other than for resale, that were manufactured using rubber-processing chemicals sold by defendants since 1994."[2] Sperry alleged that defendants entered into a price-fixing agreement, overcharging tire manufacturers for the chemicals, and that the overcharges trickled down the distribution chain to consumers.

The complaint set forth three causes of action. First, Sperry claimed that defendants violated New York's antitrust statute (General Business Law § 340 *et seq.*)—commonly known as the Donnelly Act—by engaging in an arrangement that restrained "[c]ompetition or the free exercise of any activity in the conduct of any business, trade or commerce" (General Business Law § 340 [1]). Relying on the indirect purchaser provision of the Donnelly Act (General Business Law § 340 [6]), Sperry sought "three-fold the actual damages," costs and attorneys' fees pursuant to General Business Law § 340 (5). Second, Sperry asserted that defendants' arrangement constituted a deceptive practice in violation of General Business Law § 349. Third, Sperry requested recovery on an unjust enrichment theory. Defendants moved to dismiss the complaint under CPLR 3211.

---

**1.** Uniroyal Chemical Company, Inc. and Uniroyal Chemical Company, Ltd. are wholly owned subsidiaries of Crompton Corporation, now known as Chemtura Corporation. Bayer AG and its associated companies, Bayer Corporation, Rhein Chemie Rheinau GmbH and Rhein Chemie Corporation are no longer parties to this appeal.

**2.** The lawsuit has not yet been certified as a class action under CPLR article 9.

Supreme Court granted the motion and dismissed the complaint in its entirety. The court held that CPLR 901 (b), which precludes a class action to collect a penalty unless specifically authorized by statute, barred the Donnelly Act claim. The court determined that the General Business Law § 349 cause of action failed to state a claim because the allegations in the complaint did not come within the scope of that statute.[3] It also dismissed the unjust enrichment claim because the parties lacked a sufficient relationship. The Appellate Division affirmed and we granted Sperry leave to appeal.

Relying on our decisions in *Cox v Lykes Bros.* (237 NY 376 [1924]), *Bogartz v Astor* (293 NY 563 [1944]) and *Sicolo v Prudential Sav. Bank of Brooklyn, N.Y.* (5 NY2d 254 [1959]), Sperry argues that the Donnelly Act's treble damages provision is not a penalty under CPLR 901 (b). He also cites to federal precedents indicating that federal antitrust treble damages are primarily remedial in nature. Defendants counter that the courts below properly concluded that state antitrust treble damages are a penalty within the meaning of CPLR 901 (b).

General Business Law § 340 (5) provides that a successful antitrust plaintiff "shall recover three-fold the actual damages sustained thereby, as well as costs not exceeding ten thousand dollars, and reasonable attorneys' fees." The Donnelly Act, however, does not address private class actions. The main issue here is whether treble damages relief is available to class action plaintiffs or is barred by the application of CPLR 901 (b).

The Legislature enacted CPLR article 9 (§§ 901-909) in 1975 to replace CPLR 1005, the former class action statute. The prior class action provision, which remained largely unchanged through its various incarnations dating back to the Field Code of Procedure (*see* L 1849, ch 438, § 119), had been judicially restricted over the years and was subject to inconsistent results (*see generally Moore v Metropolitan Life Ins. Co.*, 33 NY2d 304, 313 [1973] [noting "the general and judicial dissatisfaction with the existing restrictions on class action"]). Consequently, in 1975, the Judicial Conference proposed a new class action statute that was designed "to set up a flexible, functional scheme whereby class actions could qualify without the present undesirable and socially detrimental restrictions" (13th Ann Report of Jud Conf on CPLR, reprinted in 1975 McKinney's Session Laws of NY, at 1493). To that end, the Judicial Conference recom-

---

3. Sperry no longer seeks recovery under General Business Law § 349.

mended the enactment of CPLR 901 (a), which specified the five prerequisites of numerosity, predominance, typicality, adequacy of representation and superiority.

While the Legislature considered the Judicial Conference report, various groups advocated for the addition of a provision that would prohibit class action plaintiffs from being awarded a statutorily-created penalty or minimum measure of recovery, except when expressly authorized in the pertinent statute (*see* Legislation Report No. 15 of Banking Law Comm, Business Law Comm and Comm on CPLR of NY St Bar Assn, Bill Jacket, L 1975, ch 207; Legislation Report No. 1 of Banking Law Comm of NY St Bar Assn, Bill Jacket, L 1975, ch 207; Mem in Opposition of Empire St Chamber of Commerce, Feb. 14, 1975, Bill Jacket, L 1975, ch 207). These groups feared that recoveries beyond actual damages could lead to excessively harsh results, particularly where large numbers of plaintiffs were involved. They also argued that there was no need to permit class actions in order to encourage litigation by aggregating damages when statutory penalties and minimum measures of recovery provided an aggrieved party with a sufficient economic incentive to pursue a claim. Responding to these concerns, the Legislature amended the legislation to include a new subdivision—CPLR 901 (b), which reads: "Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action."

Assemblyman Stanley Fink, the bill's sponsor, explained the purpose of section 901 (b):

> "The bill, however, precludes a class action based on a statute creating or imposing a penalty or minimum measure of recovery unless the specific statute allows for a class action. These penalties or 'minimum damages' are provided as a means of encouraging suits where the amounts involved might otherwise be too small. Where a class action is brought, this additional encouragement is not necessary. A statutory class action for actual damages would still be permissible" (Sponsor's Mem, Bill Jacket, L 1975, ch 207).

Hence, the final bill, which was passed by the Legislature and approved by the Governor on June 17, 1975, was the result of a compromise among competing interests.

Within weeks of passage of the class action statute, the Legislature undertook to amend the Donnelly Act. Before 1975, General Business Law § 340 (5) permitted only the recovery of actual damages. After a report was issued by a special grand jury investigating the anticompetitive practices of the petroleum industry in the early 1970's, the Attorney General recommended a bill increasing penalties for violations of the Donnelly Act (*see* Mem of Dept of Law, Bill Jacket, L 1975, ch 333). Specifically, the bill added the treble damages provision and provided for costs and attorneys' fees in General Business Law § 340 (5), while increasing the fines and criminal punishment measures contained in General Business Law § 341.[4] According to the Attorney General:

> "The provision for the recovery of treble damages in civil actions will not only serve as an additional deterrent to violations, and increase recoveries by public agencies, but will also eliminate the additional expense and cumbersome duplication of effort involved in bringing separate actions under the federal antitrust laws after a violation of the Donnelly Antitrust Act has been established (for example, by a criminal conviction)" (*id.*).[5]

The legislation amending section 340 (5) and section 341 was enacted on July 1, 1975.

Although we have never construed the term "penalty" within the meaning of CPLR 901 (b), nor have we had occasion to characterize the treble damages provision of the Donnelly Act, we have articulated various rules regarding the identification of penalties in other contexts. For example, this Court has stated that, where a statute expressly denominates an enhanced dam-

---

4. Before the 1975 amendment, General Business Law § 341 provided that an individual convicted of violating the Donnelly Act was guilty of a misdemeanor, punishable by a fine not exceeding $20,000 and/or imprisonment for not longer than one year. A corporation was punishable by a fine of not more than $50,000. Under the amendment, convicted individuals would be guilty of a class E felony and punished by a fine not exceeding $100,000 and/or imprisonment for up to four years. A corporation would face a fine of up to $1 million. While these fines are clearly penalties, they are not the types of penalties contemplated by CPLR 901 (b) because they are not recoverable in a private civil action.

5. Federal antitrust provisions, since their inception in 1890, have always provided for the recovery of threefold damages in civil lawsuits (*see* Clayton Act § 4 [15 USC § 15]; *see also Brunswick Corp. v Pueblo Bowl-O-Mat, Inc.*, 429 US 477, 486 n 10 [1977]). In contrast, although the Donnelly Act dates back to 1899, treble damages were not added until much later.

ages provision to be compensatory in nature, it will not be deemed a penalty (*see Bogartz v Astor*, 293 NY 563, 565 [1944] [double payment recoverable under Workmen's Compensation Law § 14-a not a penalty because the statute referred to "double compensation"]; *Cox v Lykes Bros.*, 237 NY 376, 379 [1924] [double payment available to seamen for late wages under federal statute not a penalty because the statute expressly provided that such compensation "shall be recoverable as wages"]). Furthermore, we have found that when used in a statute of limitations, "[t]he words 'penalty or forfeiture' . . . refer to something imposed in a punitive way for an infraction of a public law and do not include a liability created for the purpose of redressing a private injury, even though the wrongful act be a public wrong and punishable as such" (*Sicolo v Prudential Sav. Bank of Brooklyn, N.Y.*, 5 NY2d 254, 258 [1959]).[6]

We have also indicated that the determination of whether a certain provision constitutes a penalty may vary depending on the context. In *Cox*, then-Judge Cardozo wrote: "We are to remember that the same provision may be penal as to the offender and remedial as to the sufferer. The nature of the problem will determine whether we are to take one viewpoint or the other" (*Cox*, 237 NY at 380 [citations omitted]; *see also Life & Casualty Ins. Co. of Tenn. v McCray*, 291 US 566, 574 [1934, Cardozo, J.] [" 'Penalty' is a term of varying and uncertain meaning"]).

■ Judge Cardozo's observations in *Cox* are particularly relevant to this case. It is evident that by including the penalty exception in CPLR 901 (b), the Legislature declined to make class actions available where individual plaintiffs were afforded sufficient economic encouragement to institute actions (through statutory provisions awarding something beyond or unrelated to actual damages), unless a statute expressly authorized the option of class action status. This makes sense, given that class actions are designed in large part to incentivize plaintiffs to sue when the economic benefit would otherwise be too small, particularly when taking into account the court costs and attorneys' fees typically incurred. Therefore, the term "penalty," as used for purposes of the class action scheme, has broader application than that given in *Sicolo* for statute of limitations purposes.

---

**6.** Former Civil Practice Act § 49 (3) provided a three-year statute of limitations for penalties or forfeitures.

214

The antitrust treble damages statute also does not state that such damages are compensatory (*compare Bogartz*, 293 NY at 565). Nor does its legislative history clearly indicate a compensatory purpose. Read together, we conclude that Donnelly Act threefold damages should be regarded as a penalty insofar as class actions are concerned. Although one third of the award unquestionably compensates a plaintiff for actual damages, the remainder necessarily punishes antitrust violations, deters such behavior (the traditional purposes of penalties) or encourages plaintiffs to commence litigation—or some combination of the three. But we need not break down the remaining damages into specific categories for purposes of determining whether it is a penalty under CPLR 901 (b). Where a statute is already designed to foster litigation through an enhanced award, CPLR 901 (b) acts to restrict recoveries in class actions absent statutory authorization.

It is notable that the Legislature added the treble damages provision to the Donnelly Act shortly after having adopted CPLR 901 (b). Clearly, the Legislature was aware of the requirement of making express provision for a class action when drafting penalty statutes, and could have included such authorization in General Business Law § 340.[7] In sum, it lies with the Legislature to decide whether class action suits are an appropriate vehicle for the award of antitrust treble damages. Indeed, the Legislature has contemplated adding such authorization on a number of occasions.[8]

We are not persuaded that the outcome of this case is controlled by statements in United States Supreme Court decisions

7. Although General Business Law § 342-b contemplates that the Attorney General may bring class actions on behalf of governmental entities, General Business Law § 340, in contrast, makes no reference to class actions for private litigants.

8. In 1973 and 1974, bills died in committee that would have permitted class actions for the recovery of treble damages (*see* 1973 NY Senate-Assembly Bill S 3544, A 4832; 1974 NY Senate-Assembly S 3544, A 4832). Similarly, in 1975, while the Legislature was considering the treble damages bill that was eventually enacted, a separate proposal (1975 NY Assembly Bill A 1215) would have expressly permitted class actions. More recently, bills to amend the Donnelly Act to create a class action provision in General Business Law § 340 (7) have been considered a number of times (*see* 2002 NY Assembly Bill A 11124; 2003 NY Assembly Bill A 5158; 2005 NY Assembly Bill A 663). The same proposal is currently pending (*see* 2007 NY Assembly Bill A 396). Under the proposed amendment, General Business Law § 340 (7) would provide: "Any damages recoverable pursuant to this section may be recovered in any action which a court may authorize to be brought as a class action pursuant to article nine of the civil practice law and rules."

describing the federal antitrust treble damages counterpart as being remedial in nature (*see e.g. American Soc. of Mechanical Engineers, Inc. v Hydrolevel Corp.*, 456 US 556, 575 [1982]; *Brunswick Corp. v Pueblo Bowl-O-Mat, Inc.*, 429 US 477, 485-486 [1977]; *but see Texas Industries, Inc. v Radcliff Materials, Inc.*, 451 US 630, 639 [1981] ["The very idea of treble damages reveals an intent to punish past, and to deter future, unlawful conduct, not to ameliorate the liability of wrongdoers."]). Although we generally construe the Donnelly Act in light of federal antitrust case law, it is also well settled that we will interpret our statute differently "where State policy, differences in the statutory language or the legislative history justify such a result" (*Anheuser-Busch, Inc. v Abrams*, 71 NY2d 327, 335 [1988]). To the extent there is any conflict, this case highlights such distinctions.

As an initial matter, none of these United States Supreme Court decisions considered whether treble damages should be considered a "penalty" for purposes of a particular statute. More importantly, Federal Rules of Civil Procedure rule 23, the federal class action provision, does not contain a limitation similar to that found in CPLR 901 (b). Since this appeal requires us to view General Business Law § 340 (5)'s treble damages provision in light of the limitation in CPLR 901 (b), we are presented with a state law question that federal precedent is not very helpful in resolving.

■ Finally, we decline to reach the issue of whether Sperry may maintain a class action under the Donnelly Act by forgoing treble damages in favor of actual damages. This issue is not properly before us because Sperry has consistently sought treble damages throughout this litigation and has not previously attempted to waive them to pursue only actual damages.

■ Turning to the unjust enrichment cause of action, Sperry argues that the courts below erred in dismissing this cause of action on the basis that no privity existed between Sperry and defendants. It is well settled that "[t]he essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972], *cert denied* 414 US 829 [1973]). While we agree with Sperry that a plaintiff need not be in privity with the defendant to state a claim for unjust enrichment, we nevertheless conclude that such a claim does not lie under the circumstances of this case.

Here, the connection between the purchaser of tires and the producers of chemicals used in the rubber-making process is simply too attenuated to support such a claim. Additionally, in this situation it is not appropriate to substitute unjust enrichment to avoid the statutory limitations on the cause of action created by the Legislature.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, READ, SMITH and PIGOTT concur; Judge JONES taking no part.

Order affirmed, with costs.