[982 NYS2d 98]

PHILIPS INTERNATIONAL INVESTMENTS, LLC, Respondent, v LOUIS PEKTOR et al., Defendants, and 3174 AIRPORT ROAD, LP, et al., Appellants.

First Department, March 18, 2014

## APPEARANCES OF COUNSEL

*Keane & Beane, P.C.*, White Plains (*Edward J. Phillips* of counsel), for appellants.

*Lazer, Aptheker, Rosella & Yedid, P.C.*, Melville (*Russell L. Penzer* and *Giuseppe Franzella* of counsel), for respondent.

**OPINION OF THE COURT**

ACOSTA, J.

■ The extent of the relationship between parties to support the equitable remedy of unjust enrichment has been the focus of several recent Court of Appeals cases. The latest of these cases, *Georgia Malone & Co., Inc. v Rieder* (19 NY3d 511 [2012]), held that although a plaintiff is not required to allege privity, the pleadings must "assert a connection between the parties that [is] not too attenuated" (*id.* at 517). At issue in this case is whether *Georgia Malone* changed the law on unjust enrichment sufficient to support a motion to renew pursuant to CPLR 2221. Specifically, one month after the motion court denied that portion of defendants' motion to dismiss the unjust enrichment claim, the Court of Appeals decided *Georgia Malone*. The appealing defendants contend that *Georgia Malone* made clear for the first time that, in order to state a claim for unjust enrichment, a plaintiff must plead facts sufficient to show a relationship between itself and the defendant that would make the retention of the enrichment unjust or inequitable. Plaintiff argues that prior cases, in particular *Mandarin Trading Ltd. v Wildenstein* (16 NY3d 173, 182-183 [2011]) and *Sperry v Crompton Corp.* (8 NY3d 204, 215-216 [2007]), each discussed in *Georgia Malone*, demonstrate that the proposition was the law of New York prior to *Georgia Malone*. As such, *Georgia Malone* was not a change in the law. We agree with plaintiff.

The law of unjust enrichment was not changed by *Georgia Malone*. Rather, the Court, by engaging in a detailed discussion of the relevant cases, merely added clarity to the law, which Court of Appeals cases often do. Accordingly, the motion court properly denied defendants' motion to renew the portion of their motion that sought dismissal of the unjust enrichment claim. In any event, plaintiff properly alleged a "relationship between the parties that could have caused reliance or inducement" to support an unjust enrichment claim (19 NY3d at 517).

Plaintiff investment company entered into a joint venture with defendants Louis and Lisa Pektor to purchase a portfolio of commercial properties from nonparty Liberty Property. During due diligence, plaintiff discovered that one of the properties had a critical flaw that made its purchase or inclusion in the sale unviable. The venture then entered into discussions with Liberty to purchase the remaining properties (the viable properties). The deal with the venture did not go forward. Subsequently, however, plaintiff learned that the Pektors had created

a series of limited partnerships (the partnership defendants) to act as vehicles to purchase the viable properties from Liberty, cutting the venture out of the transaction.

Plaintiff brought suit against, inter alia, the Pektors and the partnership defendants. The complaint included a claim for unjust enrichment against the partnership defendants. All defendants moved to dismiss. The motion court granted the motion to dismiss in part, and granted leave to amend to replead the dismissed claims. One of the claims that was not dismissed was the unjust enrichment claim against the partnership defendants.

Approximately one month after the court's denial of dismissal of the unjust enrichment claim, the Court of Appeals handed down *Georgia Malone*. There, the Court stated that a plaintiff alleging unjust enrichment must plead some relationship with the defendant sufficient to give rise to a finding that retention of the benefits are unjust (19 NY3d at 519).

The partnership defendants moved to renew, arguing that *Georgia Malone* changed the law, which justified renewal (and excused their failure to make this argument on the original motion to dismiss). They also argued that were *Georgia Malone* applied to the complaint here, the unjust enrichment claim would have to be dismissed. Plaintiff opposed, arguing that *Georgia Malone* did no more than restate, albeit more clearly, settled precedent of the Court of Appeals on precisely this issue. The court denied the motion to renew and we now affirm. We agree with plaintiff that *Georgia Malone* merely clarified existing law.

Indeed, a review of *Sperry v Crompton Corp.* (8 NY3d 204 [2007]), *Mandarin Trading Ltd. v Wildenstein* (16 NY3d 173 [2011]), and *Georgia Malone* clearly indicate that the Court in *Georgia Malone* was merely restating that a plaintiff must plead some relationship between the parties that could have caused reliance or inducement and that the relationship cannot be too attenuated. In *Sperry*, the plaintiff—the representative for a putative class action—asserted antitrust claims against the manufacturers of chemicals for tires, claiming that the chemical manufacturers' price inflation was passed on by the tire manufacturers to consumers. The plaintiff also asserted unjust enrichment claims against the chemical makers.

The Court dismissed the unjust enrichment claim for lack of any allegation of a connection or relationship between the chemical maker and the plaintiff:

"While we agree with Sperry that a plaintiff need

not be in privity with the defendant to state a claim for unjust enrichment, we nevertheless conclude that such a claim does not lie under the circumstances of this case. *Here, the connection between the purchaser of tires and the producers of chemicals used in the rubber-making process is simply too attenuated to support such a claim*" (8 NY3d at 215-216 [emphasis added]).

Likewise, in *Mandarin*, the plaintiff sought to buy a famous painting for the purpose of selling it at auction. The plaintiff received an appraisal letter from a famous art expert stating his opinion that the painting was worth some $15 to $17 million; the letter was addressed to a person whose role in the transaction was not explained by the parties, and the complaint did not indicate the purpose of the letter, who had requested it, or how the plaintiff purchaser had obtained it. The plaintiff purchased the painting for $11.3 million; but was unable to sell the painting for even the amount of the purchase price. Plaintiff subsequently learned that the art expert who wrote the appraisal letter had an ownership interest in the painting, and in fact received over $8 million of the $11.3 million purchase price. The plaintiff sued the seller and the art expert for breach of contract, fraud, and unjust enrichment.

The Court upheld the dismissal of the unjust enrichment claim against the art expert. It noted that the letter was not addressed to anyone, and nothing indicated that it was for a particular purpose. Indeed, there was no allegation in the complaint of a relationship between the plaintiff and the expert, or that the expert was even aware of the plaintiff when he gave the letter. As the Court said:

> "Moreover, under the facts alleged, *there are no indicia of an enrichment that was unjust where the pleadings failed to indicate a relationship between the parties that could have caused reliance or inducement*. Without further allegations, the mere existence of a letter that happens to find a path to a prospective purchaser does not render this transaction one of equitable injustice requiring a remedy to balance a wrong. Without sufficient facts, conclusory allegations that fail to establish that a defendant was unjustly enriched at the expense of a plaintiff warrant dismissal" (16 NY3d at 182-183 [emphasis added]).

*Georgia Malone* merely restated the principles addressed in *Sperry* and *Mandarin*. There, the plaintiff was a real estate broker who introduced a seller of an apartment complex to a developer. The plaintiff entered into a contract with the developer that if the introduction led to a deal, the plaintiff would earn a commission of 1.25% of the sale price. In support of the deal, the plaintiff created substantial due diligence materials for the developer. At the eleventh hour, the developer walked away from the deal. It sold the confidential due diligence materials created by plaintiff to Rosewood, another real estate broker, for $150,000. That broker, using the materials, ultimately found another buyer and earned a $500,000 commission.

The plaintiff sued Rosewood, the other broker, for unjust enrichment. However, the Court, much as it had in *Sperry* and *Mandarin*, focused on the lack of any allegation that the other broker knew the materials were confidential or that the developer had not paid the plaintiff for the materials. The Court further noted that there were no dealings between the plaintiff and the other broker:

> "Similar to *Sperry* and *Mandarin*, the relationship between Malone and Rosewood is too attenuated because they simply had no dealings with each other. . . . [T]he complaint does not contain sufficient allegations to support an unjust enrichment claim against Rosewood. In particular, the complaint does not assert that Rosewood and Malone had any contact regarding the purchase transaction. And, although the complaint states that Rosewood 'knew at all times' that Malone produced the due diligence reports and provided them to CenterRock with the expectation that it would be compensated in the event a purchase agreement was reached, there is no allegation that Rosewood was aware that Malone and CenterRock had agreed to the confidential nature of the due diligence information or that Rosewood knew that CenterRock had failed to pay Malone before the documents were conveyed to Rosewood. Indeed, Jungreis's [a broker in the Rosewood firm] e-mail communications submitted by Malone in opposition to the motions to dismiss allude to Rosewood's offer to pay the Rieders [Ralph Reider was CenterRock's managing member and Elie

Rieder an officer] for the 'due diligence costs' they 'laid out,' suggesting that Rosewood believed that the Rieders had compensated Malone for its services" (19 NY3d at 517-518).

Thus, contrary to defendants' assertion, the Court of Appeals decision in *Georgia Malone* did not change the law. Its expansive discussion of its prior holdings in *Sperry* and *Mandarin* merely helped to add clarity with respect to the relationship between the parties necessary to support a claim for unjust enrichment (*see Georgia Malone*, 19 NY3d at 516-518) Accordingly, it is not a sufficient basis for renewal and defendants' motion was properly denied (CPLR 2221 [e] [2]).

 Were we to reach the merits of the motion to dismiss, we would find that the motion court correctly denied that portion of the motion seeking dismissal of the claim for unjust enrichment against defendants-appellants. It is well established that to successfully plead unjust enrichment "[a] plaintiff must allege 'that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered' " (*Georgia Malone* at 516, quoting *Mandarin Trading Ltd.*, 16 NY3d at 182). A claim for unjust enrichment "is undoubtedly equitable and depends upon *broad* considerations of equity and justice" (*Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972], *cert denied* 414 US 829 [1973] [emphasis added]).

A plaintiff is not required to allege privity. It must, however, "assert a connection between the parties that [is] not too attenuated" (*Georgia Malone*, 19 NY3d at 517). Thus, although a plaintiff could satisfy this requirement by alleging that the benefit was conferred at the behest of the defendant (*see e.g. Kagan v K-Tel Entertainment*, 172 AD2d 375 [1st Dept 1991]), the Court of Appeals has never required such a relationship. Rather, the pleadings merely have to "indicate a relationship between the parties that could have caused reliance or inducement" (*Georgia Malone*, 19 NY3d at 517).

Here, plaintiff alleged a sufficient relationship with the partnership defendants to survive a motion to dismiss, namely that its joint venturers, the Pektors, created the partnership defendants as vehicles to appropriate the venture's business opportunity of buying the viable properties. All of the Pektors' knowledge and scheming is, under this theory, imputable to the partnership defendants. As such, there is far more of a relation-

ship than in *Georgia Malone*, *Sperry* or *Mandarin*. Indeed, unlike *Georgia Malone*, here, the partnerships, through the Pektors, knew of the alleged wrong being done to plaintiff and of their essential role in the allegedly wrongful scheme.

Accordingly, the order of the Supreme Court, New York County (Eileen Bransten, J.), entered June 11, 2013, which denied the partnership defendants' motion to renew so much of their prior motion as sought to dismiss the unjust enrichment claim as against them, should be affirmed, without costs.

TOM, J.P., ANDRIAS, FREEDMAN and FEINMAN, JJ., concur.

Order, Supreme Court, New York County, entered June 11, 2013, affirmed, without costs.