Sorenson v Winston & Strawn, LLP (2018 NY Slip Op 04828)





Sorenson v Winston & Strawn, LLP


2018 NY Slip Op 04828


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Acosta, P.J., Sweeny, Webber, Kahn, Oing, JJ.


6997 158124/15

[*1]Eric Sorenson, Plaintiff-Appellant,
v
Winston & Strawn, LLP, Defendant-Appellant.


Lorna B. Goodman, New York, for appellant.
Winston & Strawn LLP, New York (Ian T. Hampton of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered June 10, 2016, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff is not entitled to any compensation for services rendered under the subject contingency fee retainer. It is undisputed that the terms of the retainer violated 22 USC § 1623(f), and, thus, the retainer was "unlawful and void" under federal law. Under these circumstances, plaintiff's argument that the void retainer allowed him to pursue a quasi-contract theory of recovery is unavailing. In light of the illegality of the retainer, the court properly found that plaintiff had "unclean hands" to foreclose any claim of unjust enrichment (see generally Jossel v Meyers, 212 AD2d 55, 58 [1st Dept 1995]). Furthermore, plaintiff failed to plead a relationship with defendant that could have caused reliance or inducement on plaintiff's part sufficient to sustain an unjust enrichment claim (see Sperry v Crompton Corp., 8 NY3d 204, 215-216 [2007]; Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406, 408 [1st Dept 2011], affd 19 NY3d 511 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK