## Brown v Tomra Metro, LLC

2019 NY Slip Op 35240(U)

March 22, 2019

Supreme Court, Bronx County

Docket Number: Index No. 32781/2018

Judge: Lucindo Suarez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: PART 19

———————————————————————

THOMAS BROWN, JEREMY BROWN,
RAFAEL AZCONA and WALDYS HERNANDEZ,       Index No.: 32781/2018
on behalf of themselves and all other similarly situated,

                              Plaintiffs,

            - against -                    **DECISION and ORDER**

TOMRA METRO, LLC,

                              Defendant.

———————————————————————

| | PAPERS NUMBERED |
|---|---|
| Defendant's Notice of Motion, Affirmation in Support, Memorandum of law in Support, Exhibits | 1, 2, 3, 4 |
| Plaintiffs' Memorandum of Law in Opposition, Declaration of Andrew Jordan, Esq., Exhibits | 5, 6, 7 |
| Defendant's Reply Memorandum | 8 |

Upon the enumerated papers, Defendant's motion for a partial dismissal is granted in accordance

with the annexed decision and order.

Dated: **3/22/2019**

                                           _____
                                           Hon.
                                               LUCINDO SUAREZ, J.S.C.

                                           **LUCINDO SUAREZ, J.S.C.**

**Check one:**          **Motion is:**          **Check if appropriate:**
☐ Case Disposed in Entirety    ◉ Granted ☐ GIP    ☐ Schedule Appearance    ☐ Settle Order
◉ Case Still Active    ☐ Denied ☐ Other    ☐ Fiduciary Appointment    ☐ Submit Order
                                           ☐ Referee Appointment

1 of 4

[* 1]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: PART 19

_____

THOMAS BROWN, JEREMY BROWN,
RAFAEL AZCONA and WALDYS HERNANDEZ,
on behalf of themselves and all other similarly situated,

                                  Plaintiffs,

                - against -

TOMRA METRO, LLC,

                                    Defendant.

_____

Index No.: 32781/2018

**DECISION and ORDER**

PRESENT: Hon. Lucindo Suarez

The issue in Defendant's motion to dismiss is whether NYLL §198(1-d) shall be construed as a "penalty" under CPLR §901(b), and if so, whether it will bar Plaintiffs class action claims under its second and fourth causes of action. The court finds that NYLL §198(1-d) for purposes of CPLR §901(b) is a penalty, therefore, requiring a dismissal of Plaintiffs' second and fourth causes of action.

Under NYLL §198(1-d), if any employee is not provided a statement or statements as required by NYLL §195(3) he/she shall recover in a civil action damages of $250.00 for each work day that the violations occurred or continue to occur, but not to exceed a total of $5,000.00 together with costs and reasonable attorney's fees.

Pursuant to CPLR §901(b), "unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action." *Downing v. First Lenox Terrace Assoc.*, 107 A.D.3d 86, 965 N.Y.S.2d 9 (1st Dep't 2013).

The Court of Appeals has held although it never construed the term "penalty" within the meaning of CPLR §901(b), it has articulated various rules regarding the identification of penalties in other contexts. *Sperry v. Crompton Corp.*, 8 N.Y.3d 204, 863 N.E.2d 1012, 831 N.Y.S.2d 760 (2007). It further provided that where a statute expressly denominates an enhanced damages provision to be compensatory in nature, it will not be deemed a penalty. *Id.* Furthermore, the Court of Appeals have found that when used in the context of statute of limitations, "the words penalty or forfeiture . . . refer to something imposed in a punitive way for an infraction of a public law and do not include a liability created for the purpose of redressing a private injury, even though the wrongful act be a public wrong and punishable as such." *Id.*; *see also Sicolo v. Prudential Sav. Bank of Brooklyn, N.Y.*, 5 N.Y.2d 254, 258, 157 N.E.2d 284, 184 N.Y.S.2d 100 (1959).

Here, Plaintiffs commenced this class action alleging several claims under the New York Labor Law and its regulations for Defendant's purported failure to pay proper wages, overtime payments, and to provide accurate wage statements. Plaintiffs in their second and fourth causes of action are seeking reasonable attorney's fees, cost and injunctive and declaratory relief as provided by NYLL §198(1-d). Plaintiffs contend that NYLL§198(1-d) provides solely for damages not a penalty for Defendant's failure to provide accurate wage statements. However, their arguments are unavailing.

Gleaming from the language of NYLL§198(1-d) which provides: "[o]n behalf of any employee not provided a statement as required by NYLL §195(3), the commissioner may bring any legal action necessary … in addition to any other remedies and *penalties* otherwise available under this article…" evinces the legislators' intent that this statute was to be construed as a penalty. (emphasis added).

[* 3]

Moreover, NYLL §198(1-d) is not analogous to the statutes analyzed by the Court of Appeals in *Sperry* and *Sicolo*. There the court found that a statute that expressly provides an enhanced damages provision to be compensatory in nature or when the word "penalty" is used in the context of statute of limitations will not be deemed a penalty.

Here, however, there is no explicit dictate by the legislators or in the legislative intent of NYLL §198(1-d) that said statute is compensatory in nature. Further, unlike the assertion of a statute of limitations defense where "penalty" is meant to address an infraction of a public law this statute gauging from the legislative intent was specifically created for the purpose of redressing a private injury namely wage theft prevention by penalizing employers who engage in such prohibited business practices. *See* 1997 N.Y. ALS 605, 1997 N.Y. LAWS 605, 1997 N.Y. S.N. 5071. Likewise, said statute does not authorize a class action to recover a penalty.

Therefore, this court finds that that NYLL §198(1-d) in the context of CPLR §901(b) shall be construed as a "penalty" requiring a dismissal of Plaintiffs' second and fourth causes of action.

Accordingly, it is

ORDERED, that Defendant's motion for a partial dismissal is granted; and it is further

ORDERED, that Plaintiffs' second and fourth causes of action in its amended complaint are dismissed; and it is further

ORDERED, that the Clerk of the Court is directed to dismiss Plaintiffs' second and fourth causes of action in favor of Defendant.

This constitutes the decision and order of the court.

Dated: March 22, 2019

Lucindo Suarez, J.S.C.

LUCINDO SUAREZ, J.S.C.

[* 4]

3

4 of 4