Robert E. Nunez, Appellant,
against
Raja Associates, LLC, Respondent.




Robert E. Nunez, appellant pro se.
Raja Associates, LLC, respondent pro se.

Appeal from a judgment of the Justice Court of the Town of Yorktown, Westchester County (Salvatore A. Lagonia, J.), entered February 28, 2018. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Justice Court for the entry of a judgment in favor of plaintiff in the principal sum of $478.11.
Plaintiff commenced this small claims action to recover for an "unjust enrichment," claiming that defendant, his former landlord, owed him $478.11 as reimbursement for payments plaintiff had made towards a bill for electric service provided to the premises after plaintiff had moved out of it. At a nonjury trial, it was undisputed that plaintiff had paid the electricity charges for defendant's premises that had accrued from November 1, 2016 through June 6, 2017. Plaintiff called Reena Mohindra, defendant's principal, who testified that it had been plaintiff's responsibility to transfer the electric bill to her name when he had moved out of the premises and that plaintiff had failed to do so. Plaintiff testified that he had no longer been responsible for paying the electric bill after November 1, 2016, as he had moved out, and that defendant had been unjustly enriched by his payments. Following the trial, the Justice Court dismissed the [*2]action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
To prevail on a claim for unjust enrichment, a plaintiff must establish that the defendant was enriched at the plaintiff's expense and that it would be against equity and good conscience to permit the defendant to retain the amount sought to be recovered (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173 [2011]; Sperry v Crompton Corp., 8 NY3d 204, 215 [2007]). Here, plaintiff established that defendant derived a benefit from the payments plaintiff had mistakenly made for the electricity supplied to defendant. Even where a mistake is unilateral, a court may award restitution if failing to do so would result in an unjust enrichment (see Weissman v Bondy & Schloss, 230 AD2d 465 [1997]). Insofar as the payments made by plaintiff satisfied defendant's debt and saved defendant that expense, plaintiff made out his claim for unjust enrichment and is entitled to recover the amount he expended. Under the circumstances presented, we find that the Justice Court's determination failed to render substantial justice between the parties (see UJCA 1804, 1807). 
Accordingly, the judgment is reversed and the matter is remitted to the Justice Court for the entry of a judgment in favor of plaintiff in the principal sum of $478.11.
TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 02, 2019