Sands Bros. Venture Capital II, LLC v Metropolitan Paper Recycling, Inc. (2022 NY Slip Op 00024)





Sands Bros. Venture Capital II, LLC v Metropolitan Paper Recycling, Inc.


2022 NY Slip Op 00024


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022

Before: Gische, J.P., Singh, Mendez, Shulman, Pitt, JJ. 


Index No. 652341/15 Appeal No. 14952 Case No. 2020-03029 

[*1]Sands Brothers Venture Capital II, LLC et al., Plaintiffs-Respondents,
v
Metropolitan Paper Recycling, Inc., Defendants, Salvatore Zizza, Defendant-Appellant.


Rivkin Radler LLP, New York (Mark N. Antar of counsel), for appellant.
Wallace Neel, PLLC, Pearl River (Wallace Neel of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered May 8, 2020, which, inter alia, denied defendant Salvatore Zizza's motion for summary judgment dismissing claims for fraudulent conveyance, conspiracy to fraudulently convey, aiding and abetting fraudulent conveyance, aiding and abetting breach of fiduciary duty, and unjust enrichment, unanimously affirmed, with costs.
Triable issues of fact exist as to the fraudulent conveyance-related claims. One aspect of those claims is a $2.3 million conveyance previously determined to entail issues of fact in a related case, which, notwithstanding Zizza's arguments to the contrary, we find directly relevant here (see Sands Bros. Venture Capital II LLC v Park Ave. Bank, 190 AD3d 658 [1st Dept 2021]; see also Reed Smith LLP v Leed HR, LLC, 67 Misc 3d 1216[A], 2020 NY Slip Op 50569 [U], * 6-7 [Sup Ct, NY County 2020] [Borrok, J.]).
Zizza's other arguments concerning the fraudulent conveyance-related claims are unavailing. He argues that because the $2.3 million conveyance was completed by the time of his appointment as GEE's CEO, he is immune, yet the chronology is not the determinative factor he claims it to be. The order under review refers to his participation in key matters at GEE before he became CEO, matters he does not adequately address on appeal. Nor does he adequately address that, immediately — i.e., one day  after becoming CEO, he is alleged to have reassured auditor BDO Seidman about the nonexistent certificate of deposit at the heart of the $2.3 million conveyance. Those circumstances lend credence to plaintiffs' portrayal of his appointment as CEO as an effort to conceal the true nature of the conveyance; at a minimum, they create issues of fact.
Zizza's arguments concerning his receipt of PSQ consulting fees do not show his entitlement to summary judgment either. Other than a statement in his affidavit that he assumed his payments were coming directly from PSQ's Stephen Pence, he points to no proof that would show, as a matter of law, what he knew or could have known about the funding source of the payments he received. Moreover, he does not adequately address the motion court's point that his fees, earned as a consultant, are not entitled to the presumptions that attach to officer compensation (cf. D'Mel & Assoc. v Athco, Inc., 105 AD3d 451, 452-453 [1st Dept 2013]), and we further find that the aiding and abetting fraudulent conveyance claim was properly allowed to proceed, given the allegations that he was a transferee or otherwise benefitted from the transactions at issue (BBCN Bank v 12th Ave. Rest. Group Inc., 150 AD3d 623 [1st Dept 2017]).
We affirm denial of summary judgment as to the aiding and abetting breach of fiduciary duty claim as well. As the motion court recognized, the claim arises from allegations that Zizza facilitated the 2010 Transactions, and this Court has previously determined that triable issues of fact surround those transactions (Sands Bros., [*2]190 AD3d at 659; see also Reed Smith, 2020 NY Slip Op 50569 [U], *5-6).
The motion court properly denied summary judgment on the unjust enrichment claim. Plaintiffs, creditors of O2HR, allege an adequately close relationship to Zizza, as they claim his consulting fees were funded, via transactions with Huff-Controlled Entities, with O2HR-derived assets (cf. Sperry v Crompton Corp., 8 NY3d 204 [2007]).
We have considered Zizza's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2022