OPINION OF THE COURT
Michael Wollin, J.
Plaintiff-petitioner (sic), Dan Barnes (petitioner) proceeds by motion, citing CPLR 7510 to confirm the award of the arbitrator in the amount of $3,550 to include interest at the rate of 2% compounded monthly from August 7,1981 against defendant-respondent (sic), Maryland Casualty Company (respondent).
The present practice to move by motion to confirm arbitral awards referrable as plaintiff and defendant is erroneous (CPLR 401). Properly, special proceedings govern confirmation of arbitral awards.
This court, sua sponte, converts the affirmations of petitioner and respondent into petition and answer and deems service by mail waived upon the failure of the respondent to interpose the defense of lack of jurisdiction (CPLR 103, subd [c]; 308, 402, 403).
*943 The respondent in its deemed answer states as follows: “This petitioner’s attorney is apparently laboring under misapprehensions, one of which is that the Civil Court has jurisdiction to confirm an arbitrator’s award. Unless there is a new section of the CPLR that I am not aware of, the proper place to confirm or try to confirm an arbitrator’s award is in the Supreme Court.”
The petitioner in his deemed reply alleges as follows: “This court has jurisdiction to confirm an arbitrator’s award and has so done in the past. In addition, the Civil Court Act provides for its own arbitration procedures in cases under $6,000 and this court now has jurisdiction to the extent of claims of $25,000.”
Neither the allegations of the petitioner nor of the respondent are accurate.
While CPLR 7510 states as follows: “The court shall confirm an award upon application of a party”, CCA 206 (subd [b]) states in part: “Where a controversy has been duly arbitrated and an award made therein is for relief which is within the court’s jurisdiction, the court shall have jurisdiction of proceedings under CPLR §§7510 through 7514, relating to judicial recognition of such awards, which provisions shall be applicable thereto.”
The allegations of the petitioner that past confirmations by the court support the present confirmation is wholly venturous, lacking merit. Nor is the allegation of the petitioner acceptable that the arbitration procedure, in cases of $6,000, is supportive of his contention. This form of arbitration is mandated by 22 NYCRR 28.2 (b) and is wholly independent of the Civil Court Act.
But, the Civil Court does have jurisdiction in this proceeding.
In the instant proceeding, while there is evidentiary agreement, the parties draw contrary conclusions.
The petitioner was involved in a hit-and-run incident on December 11, 1980.
On July 7,1981 a dental bill in the amount of $3,550 was duly received and rejected. The denial of the claim stated that there was no police investigation and an inspection found an absence of property damage and the alleged *944 injuries were unrelated. Subsequently, an arbitral hearing sustained the allegations of the hit-and-run incident and awarded $6,000 to the petitioner as first-party benefits.
On March 14,1983, the petitioner demanded an arbitral hearing on the dental claim. This resulted in a favorable award of $3,550 which, in part, stated: “The Insurer shall compute and pay the Applicant the amount of interest due for each element of first party benefits in dispute, at the rate of 2% per month, compounded, commencing 30 calendar days after proof of claim therefor was received by the Insurer and ending with the date of payment of the award, subject to the provisions of 11 NYCRR 65.15 (g) (3) (stay of interest).”
11 NYCRR 65.15 (g) (3) states as follows: “If an applicant does not request arbitration or institute a lawsuit within 30 days after receipt of a denial of claim form, interest shall not accumulate on the disputed claim or element of claim until such action is taken.”
Petitioner claims that interest is payable at the rate of 2% compounded monthly as of August 7,1981, which is 30 days after notification to the respondent, and the respondent claims that interest is due as of March 14, 1983, the date of demand for arbitration of the dental claim.
The court finds that the aforesaid regulations are punitive, with severe penalties, to encourage prompt adjustments of claims. The assessment of punitive penalties is awarded upon strict compliance with the regulations. The petitioner’s demand for arbitration on issues other than the dental claim fails to lift its need for a similar demand and is fatal to the claim.
The petitioner should have moved for arbitration 30 days after July 7, 1981, the date of service of the dental claim. Since demand for arbitration was made on March 14,1983, interest is due as of that date. The law is not intended to cast a burden upon the carrier to pay 2% monthly compounded interest, which is ultimately absorbed by the consumer, to the party who proceeds dilatorily, although successfully.
*945 The regulation was to act as a lightning rod to spark disposition of claims and to lighten the Trial Calendar. The petitioner is not to be the beneficiary of his own delay.
The petition is dismissed, without costs.