PROVIDENT LIFE AND CASUALTY
INSURANCE CO., Plaintiff–Counter–
Defendant–Appellee,

v.

George E. GINTHER, Defendant–
Counter–Claimant–Appellant.

Docket No. 02–7356.

United States Court of Appeals,
Second Circuit.

Nov. 22, 2002.

Robert A. Crawford, Jr., Knoer & Crawford LLP, Buffalo, NY, for Defendant–Counter–Claimant–Appellant.

Paul F. Jones, Phillips, Lytle, Hitchcock, Blaine & Huber LLP (Sharon A. Swift, on the brief), Buffalo, NY, for Plaintiff–Counter–Defendant–Appellee.

Present KEARSE, McLAUGHLIN and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Western District of New York (Elfvin, J.), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Defendant George E. Ginther appeals from a judgment of the United States District Court for the Western District of New York (Elfvin, J.) for plaintiff Provident Life & Casualty Insurance Co. ("Provident") following a bench trial. Ginther, a former insurance salesman, sought

long-term disability benefits under a policy issued by Provident, claiming to have become disabled primarily by chronic fatigue syndrome. When Provident began to investigate the claim, it discovered that defendant had fraudulently misrepresented material information on his application regarding his income and medical history, and denied the claim. Provident filed this action seeking declaratory relief that the policy was void; Ginther cross-claimed for the benefits allegedly owed under the policy. Following a four-day bench trial, the district court concluded that Ginther had lied about material information on the policy; that the breach of fiduciary duty/fraud claim was not barred by the statute of limitations; that defendant acted as an agent for Provident when he made the misrepresentations relied upon by Provident, thus voiding the policy; and finally, that the notice of claim was untimely because Ginther's claim that he became unable to work on August 1, 1995 was incredible in light of his past statements to the Social Security Administration that he became unable to work because of his disability on December 15, 1994.

On appeal following a bench trial, we review the district court's findings of fact for clear error and conclusions of law and mixed questions *de novo*. *LoPresti v. Terwilliger*, 126 F.3d 34, 39 (2d Cir.1997). Findings of fact are clearly erroneous when, on reviewing the entire evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1574 (2d Cir.1994) (internal quotation marks omitted). For the reasons discussed below, we affirm on the grounds that the notice of claim was untimely.

Under the policy, "total disability ... means that due to Injuries or Sickness: 1. you are not able to perform the substantial and material duties of your occupation; and 2. you are receiving care by a Physician which is appropriate for the condition causing the disability." The policy also requires that "[w]ritten notice of claim must be given within 20 days after a covered loss starts or as soon as reasonably possible." Ginther filed a Notice of Claim form in August 1995, and argues that his claim is timely because he became unable to work on August 1, 1995.

Ginther contends that the district court's finding that the notice was untimely is clearly erroneous in that the district court ignored medical evidence that he became unable to work on August 1, 1995, his testimony that he continued to work for and service clients until August 1995 when the business was sold, and evidence that he informed the Social Security Administration that he was continuing to work, albeit on a limited basis. According to Ginther, the district court improperly penalized him for the Social Security Administration's finding that he was entitled to back benefits as of December 14, 1994. We disagree. Based on a full review of the record, the trial court's findings were amply supported by the record.

First, the only evidence that Ginther was able to perform the substantial and material duties of his occupation after December 15, 1994 is his own testimony. Given the undisputed evidence of Ginther's lack of credibility, the district court was well within its discretion to disbelieve Ginther's testimony that he was able to engage in the substantial and material duties of his occupation as an insurance salesman and financial planner in 1995. The fact that Ginther did not "formally" sell his book of business until August 1, 1995, without any corroborating evidence of the type of work that Ginther actually engaged in during this period, does not compel the conclusion that he was able to work at this

time. Similarly, Ginther's claim to have had "compensation" of $73,500 in 1995 is inconclusive evidence at best that he was able to work during this period, particularly in light of evidence of Ginther's representations to the Social Security Administration in 1997 and 1998, when asked to explain why he had income in 1995, that he did not work at all in 1995 and that he was receiving residual insurance commissions on policy renewals.

In contrast, the district court had before it the following evidence suggesting that Ginther had become unable to work in December 1994. First, Ginther repeatedly informed the Social Security Administration that he "became unable to work because of [his] disabling condition on December 15, 1994." On his disability claim form completed on September 21, 1995, Ginther stated that he worked part-time through December 1994, his condition "finally made [him] stop working" on December 15, 1994, and "[c]laimant has long history of mental illness, chronic fatigue syndrome and food and chemical sensitivities which began to affect him severely on or around January 1992. Claimant tried to work after this date but after December, 1994, took in no new business and made decision to sell business." Despite his statement to the contrary, there is no evidence in the record suggesting that Ginther ever informed the Social Security Administration that he was able to engage in his occupation through July 31, 1995; in fact, the Social Security Administration found that he did *not* work during that period and awarded back benefits. When asked about this discrepancy at trial, Ginther responded only that "[t]hat was the date that was used, you know, for back benefits purposes," and blamed the choice of date on his attorney's desire for increased fees. In the absence of any credible explanation for the difference in dates, the district court was entitled to find that defendant had either misrepresented his work abilities to the Social Security Administration or was misrepresenting them now. *Cf. DiSanto v. McGraw–Hill, Inc.*, 220 F.3d 61, 64 (2d Cir.2000) (noting that an ADA claimant is not necessarily barred by statements to the Social Security Administration that she was unable to work as long as the plaintiff offers "some explanation for the inconsistency" (internal quotation marks omitted)).

In light of the demonstrated unreliability of Ginther's own testimony, the absence of any corroborating evidence that Ginther was actively working after December 1994, the ambiguity in the testimony of Ginther's treating physicians as to when he became unable to work, Ginther's demonstrated willingness to request that his doctor tailor his testimony to suit his needs, and Ginther's repeated statements under oath to the Social Security administration that he became disabled in December 1994, the trial court's conclusion that Ginther was not able to "perform the substantial and material duties of [his] occupation" after December 15, 1994, and thus that the notice of claim was untimely, is not clearly erroneous.

We do not reach the other arguments advanced by Ginther because there is ample evidence to support the district court's judgment on the grounds of untimeliness. Accordingly, the judgment of the district court is hereby AFFIRMED.