■ JACK A. CARDINELL, Respondent-Appellant, v ALLSTATE INSURANCE COMPANY, Appellant-Respondent. [754 NYS2d 777] —Carpinello, J. Cross appeals from an order and judgment of the Supreme Court (Nicandri, J.), entered October 19, 2001 in St. Lawrence County, upon a decision of the court in favor of plaintiff.

A detailed factual rendition of the instant controversy is set forth in a prior decision of this Court (258 AD2d 853) and thus will not be repeated at length. Briefly, in February 1992, plaintiff, who had been injured in an April 1989 automobile accident and who had been receiving no fault benefits from the company insuring the vehicle in which he was a passenger, made a claim for lost wage benefits under an additional personal injury protection provision of his own automobile policy with defendant. On July 16, 1992, defendant issued a written disclaimer denying benefits on various grounds.

After a nonjury trial, Supreme Court determined that,

because defendant failed to comply with the applicable regulatory requirements in processing plaintiff's claim for additional personal injury protection benefits, plaintiff was entitled to such benefits in the amount of $41,150, plus interest at the rate of 2% per month compounded (*see* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [h] [1]). The court also concluded, however, that defendant was entitled to a $50,000 setoff because plaintiff had settled the underlying personal injury action for this amount without preserving its subrogation rights. In calculating the amount due plaintiff, Supreme Court first applied the statutory rate of interest to the lost wage award and then applied the setoff, resulting in a net recovery to plaintiff in the amount of $389,434.48. Both sides appeal.

We first reject defendant's claim that Supreme Court improperly calculated plaintiff's weekly wages to be $788 and the period of disability to be April 19, 1989 through May 19, 1992. Sufficient testimonial and documentary proof in the record supports each of these findings. In addition, despite defendant's attempts to suggest otherwise, the $41,150 lost wage award does take into account plaintiff's sporadic periods of employment and his receipt of unemployment insurance benefits during the disability period.

We turn next to the manner in which Supreme Court calculated the judgment. While defendant obviously does not take issue with Supreme Court's finding that it is entitled to a $50,000 setoff, it does take issue with the manner in which the court applied same, arguing that the setoff should have been applied to the lost wage award of $41,150 *before* the calculation of interest.[1] Not surprisingly, plaintiff agrees with the manner in which Supreme Court calculated the judgment.[2] Plainly, resolution of this issue is not without significance, as adopting defendant's position would result in no recovery at all to plaintiff, as opposed to the nearly $400,000 judgment ordered by Supreme Court.

In our view, both the language of Insurance Law § 5106 (a) and 11 NYCRR 65.15 (h) (1) and the underlying rationale behind same compel the conclusion that Supreme Court ap-

**1.** Notably, defendant does not challenge Supreme Court's finding that it failed to respond to plaintiff's claim in a timely manner.

**2.** To the extent that plaintiff continues to assert that defendant is not entitled to a setoff, we simply note that the propriety of Supreme Court's decision to grant defendant this setoff was raised in the prior appeal and resolved against plaintiff (258 AD2d 853, *supra*). Thus, we will not revisit it, particularly since plaintiff's present contentions, although more thoroughly developed here, are essentially the same as those previously raised and found to be unpersuasive.

propriately applied the setoff after calculating interest. First, under the express terms of the statute, the failure to pay benefits within 30 days renders benefits "overdue" and all overdue payments incur interest at the rate of 2% per month (*see* Insurance Law § 5106 [a]; *see also Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 278). Moreover, the 2% per month is to be compounded (*see* 11 NYCRR 65.15 [h] [1]) and the interest penalty cannot be included in an insurer's rate-making calculations (*see* 11 NYCRR 65.15 [h] [6]). Nor can an insurer "suggest that the interest due be waived" (11 NYCRR 65.15 [h] [2]). Thus, defendant's obligation to pay interest accrued before plaintiff settled the underlying action.

More importantly, the objective of the statute and regulation is to assure prompt and full payment of economic claims (*see e.g. Montgomery v ·Daniels*, 38 NY2d 41, 55-56; *Matter of Berkowitz v Government Empls. Ins. Co.*, 72 AD2d 794), and the designated interest rate is designed to inflict an economic sanction or penalty on those insurers who do not comply (*see e.g. Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 224; *Aetna Cas. & Sur. Co. v Whitestone Gen. Hosp.*, 142 Misc 2d 67, 71). Said differently, the statute and regulation "are punitive, with severe penalties, to encourage prompt adjustments of claims" (*Barnes v Maryland Cas. Co.,* 124 Misc 2d 942, 944). Here, applying the setoff before calculating interest, thereby eliminating any recovery whatsoever to plaintiff, would frustrate this essential purpose. Thus, we find no error in Supreme Court's calculation of the judgment.

Defendant's remaining contentions have been reviewed and rejected.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the order and judgment is affirmed, without costs.