01-1535-cr(L)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2007

(Argued: December 10, 2007                                   Decided: November 24, 2008)
(Petition for rehearing submitted: January 7, 2009      Petition for rehearing decided: January 23, 2009)

Docket Nos. 01-1535-cr (L), 01-1550-cr (con), 01-1553-cr (con),
01-1571-cr (con), 05-6149-cr (con), 05-6704-cr (con)

In re TERRORIST BOMBINGS OF U.S. EMBASSIES IN EAST AFRICA ,

UNITED STATES OF AMERICA,

*Appellee*,
v.

MOHAMED SADEEK ODEH, also known as Abu Moath, also known as Noureldine, also known as Marwan, also known as Hydar, MOHAMED RASHED DAOUD AL-'OWHALI, also known as Khalid Salim Saleh Bin Rashed, also known as Moath, also known as Abdul Jabbar-Ali Abel-Latif, WADIH EL HAGE also known as Abdus Sabbur,

*Defendants-Appellants*,

KHALFAN KHAMIS MOHAMED, also known as Khalfan Khamis,

*Defendant.*

Before: FEINBERG, NEWMAN, and CABRANES, *Circuit Judges.*

DAVID RASKIN and LESLIE C. BROWN, Assistant United States Attorneys (Michael J. Garcia, United States Attorney, *on the brief,* Iris Lan, David O'Neil, Katherine Polk Failla, Celeste L. Koeleveld, Assistant United States Attorneys, *of counsel*), United States Attorney's Office for the Southern District of New York, New York, NY, *for Appellee United States of America.*

JOSHUA L. DRATEL and SAM A. SCHMIDT (Erik B. Levin, Renita K. Thukral, Meredith S. Heller, *of counsel*), New York, NY, *for Defendant-Appellant Wadih El Hage.*

PER CURIAM:

Defendant El-Hage petitions for rehearing his appeal from a judgment of conviction entered on October 22, 2001 by the United States District Court for the Southern District of New York (Leonard B. Sand, *Judge*) and affirmed on November 24, 2008 by this Court. *See In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 549 F.3d 146 (2d Cir. 2008).

The petition for rehearing contends, among other things, that our opinion rejecting El-Hage's Fourth Amendment challenges omitted any consideration of whether the challenged searches were supported by probable cause. The petition further asserts that, after ruling that a warrant was not required for overseas searches, we considered the reasonableness of the challenged searches only with respect to their execution, rather than the more basic issue of whether the searches could be conducted at all.

We recognize that whether probable cause exists to undertake a search and whether a search is reasonable are two distinct concepts. *See Chambers v. Maroney*, 399 U.S. 42, 51 (1970) ("In enforcing the Fourth Amendment's prohibition against unreasonable searches and seizures, the [Supreme] Court has insisted upon probable cause as a minimum requirement for a reasonable search permitted by the Constitution."). A probable cause inquiry focuses on whether the evidence known to officers indicates a likelihood that items appropriate for seizure might be found at the location to be searched. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983). A reasonableness inquiry focuses on whether the governmental interests advanced to justify the search outweigh the privacy interest impaired by the search. *See Wyoming v. Houghton*, 526 U.S. 295, 300 (1999). The distinction infrequently receives explicit consideration because the reasonableness inquiry is often made in cases considering whether special circumstances justify an exception to the warrant requirement, and those circumstances, where present, sometimes reflect the existence of probable cause. *See, e.g.*, *Maryland v. Pringle*, 540 U.S. 366 (2003) (facts indicating offense being committed in officer's presence support probable cause and justify warrantless arrest). In this case, however, the overseas site of the search, which justifies the exception to the warrant requirement, does not inevitably establish probable cause.

Preliminarily, we note that El-Hage's extensive Fourth Amendment challenge did not explicitly argue the absence of probable cause, although that argument might have been implicitly contained in the numerous claims that were made. We further note that a strict probable cause requirement was not adopted by the Foreign Intelligence Surveillance Court of Review in upholding, under a "totality of the circumstances test," the warrantless request to a communications service provider to assist in acquiring foreign intelligence, although the approved procedure did include a probable cause determination by the Attorney General. *See In re Directives [redacted text] - Pursuant to Section 1058 of the Foreign Intelligence Surveillance Act*, No. 08-01, __ F.3d __, slip op. at 19-20 (Foreign Int. Surv. Ct. Rev. Aug. 22, 2008). No single factor—such as the existence of probable cause—is determinative of reasonableness under the "totality of the circumstances" test. In any event, the argument fails because even if the traditional probable cause requirement is applicable to overseas searches to obtain foreign intelligence, the requirement was amply met. The searches were undertaken for the collection of foreign intelligence, and there was sufficient evidence to support the Government's belief that al Qaeda was a foreign power and that El-Hage, whose home was searched, was an agent of al Qaeda.

Contrary to the petitioner's claim, our reasonableness inquiry was not confined to the execution of the searches, but more broadly considered whether the searches comported with Fourth Amendment standards. As noted, the United States Foreign Intelligence Surveillance Court of Review performed a substantially similar "totality of the circumstances" analysis, when faced with a similar challenge, to determine the reasonableness under the Fourth Amendment of the surveillance in question. *Id.* at 17-28. That court's reasonableness inquiry, like our own, considered both the circumstances giving rise to the decision to conduct the surveillance and the breadth of the surveillance that was subsequently conducted.

Having considered all of the grounds raised by El-Hage in his petition for rehearing, we conclude that none of his arguments have merit. Accordingly, the petition for rehearing is **DENIED**.