George Eagan GINTHER,
Plaintiff–Appellant,

v.

PROVIDENT LIFE AND CASUALTY
INS. CO., Defendant–Appellee.

No. 07–1736–cv.

United States Court of Appeals,
Second Circuit.

Oct. 26, 2009.

George Eagan Ginther, pro se, Buffalo, NY.

Patrick W. Begos, Begos Horgan & Brown LLP, Westport, CT, for Appellee.

PRESENT: REENA RAGGI, DEBRA ANN LIVINGSTON, Circuit Judges, BRIAN COGAN,* District Judge.

**SUMMARY ORDER**

George Eagan Ginther, *pro se,* appeals from (1) the dismissal of his complaint, and (2) post-judgment orders denying his motion to correct or amend the judgment and imposing sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. This Court reviews *de novo* an order of dismissal. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). We

"apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. *Dismissal of the Complaint*

■ Ginther's challenge to the dismissal of his complaint seeking, *inter alia,* reinstatement of benefits under a terminated disability insurance policy or, in the alternative, a refund of all insurance premiums paid to defendant, is without merit. In 2002, this court affirmed a district court judgment entered after trial that Ginther was not entitled to any benefits under the policy at issue. *See Provident Life & Cas. Ins. Co. v. Ginther,* 51 Fed.Appx. 72 (2d Cir.2002) (*"Ginther I"*). To the extent Ginther now seeks to raise new arguments supporting entitlement to benefits under the policy, his claims are barred by *res judicata.* Under this doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *ATSI Commc'n, Inc. v. Shaar Fund, Ltd.,* 547 F.3d 109, 112 n.2 (2d Cir.2008) (internal quotation marks omitted). The parties are bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Harborside Refrigerated Servs., Inc. v. Vogel,* 959 F.2d 368, 372 (2d Cir.1992) (internal quotation marks omitted). Accordingly, Gin-

* District Judge Brian Cogan of the United States District Court for the Eastern District of New York, sitting by designation.

ther's claims for reinstatement of benefits were properly dismissed.

■ As to Ginther's claims for a refund of premiums and damages, we agree with the district court that they were compulsory counterclaims in *Ginther I* and are barred under Fed.R.Civ.P. 13(a). A claim is compulsory if "a logical relationship exists between the claim and the counterclaim and [if] the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Critical–Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697, 699 (2d Cir.2000) (internal quotation marks omitted). Furthermore, "[i]f a party has a compulsory counterclaim and fails to plead it, the claim cannot be raised in a subsequent lawsuit." *Id.* As the district court correctly concluded, Ginther's claims seeking a refund of premiums or damages pertain directly to the insurance policy at issue in *Ginther I* and therefore "arise[ ] out of the transaction or occurrence that [was] the subject matter of the opposing party's claim" in that litigation. Fed. R.Civ.P. 13(a)(1)(A); *see also Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir.1991) ("[U]nder Second Circuit case law, claims for rescission and enforcement arise out of the same transaction or occurrence.").

Ginther's argument that his claims would have been permissive rather than compulsory counterclaims under New York law warrants no different conclusion because *Ginther I*, commenced and litigated entirely in federal court, was subject to the Federal Rules of Civil Procedure. *See Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 549 F.3d 137, 142–43 (2d Cir.2008). Accordingly, we conclude that the district court properly dismissed Ginther's claims.

### 2. *Sanctions*

■ Finally, we identify no abuse of discretion in the district court's imposition of Rule 11 sanctions, which are permitted against a litigant who submits a pleading "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed.R.Civ.P. 11(b)(1). The standard for triggering the award of fees under Rule 11 is "objective unreasonableness." *Salovaara v. Eckert*, 222 F.3d 19, 34 (2d Cir. 2000). Here, having already lost *Ginther I* both in the district court and in this Court, having been correctly informed in the present case that his claims in this action were barred by *res judicata* or should have been raised as compulsory counterclaims, and having already been sanctioned by a state court[1] for raising baseless misconduct allegations against Provident's then-attorney, Ginther nevertheless renewed the same substantive claims in a dilatory motion and imported frivolous misconduct allegations from his state case into this federal litigation. On this record, even giving due consideration to Ginther's *pro se* status, we conclude that the district court reasonably determined that Ginther sought to harass Provident and its counsel, delay the conclusion of this case, and needlessly increase the cost of litigation, and that such conduct was objectively unreasonable under Rule 11.

We have considered Ginther's other arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

---

**1.** *See Ginther v. Provident Life & Cas. Ins. Co.*, No. 05–CV–0238E, 2007 WL 925751, at *3 & n. 3 (W.D.N.Y. Mar.26, 2007) (noting state court sanctions).