# SUPREME COURT OF THE UNITED STATES

## CHARLES E. HOLSTER, III *v.* GATCO, INC. DBA FOLIO ASSOCIATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

No. 08–1307.   Decided April 19, 2010

The petition for a writ of certiorari is granted. The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Second Circuit for further consideration in light of *Shady Grove Orthopedic Associates, P. A.* v. *Allstate Ins. Co.*, 559 U. S. ___ (2010). JUSTICE SOTOMAYOR took no part in the consideration or decision of this petition.

JUSTICE SCALIA, concurring.

Petitioner Charles Holster filed this suit in federal court seeking actual and statutory damages—on behalf of himself and a class of others similarly situated—for alleged violations of the Telephone Consumer Protection Act of 1991, 47 U. S. C. §227. The District Court dismissed the suit, holding that the rule of *Erie R. Co.* v. *Tompkins*, 304 U. S. 64 (1938), applies to federal suits under the Act, and that N. Y. Civ. Prac. Law Ann. §901(b) (West 2006)—which bars class actions in suits seeking statutory damages—is "substantive" under *Erie*. 485 F. Supp. 2d 179, 184–186 (EDNY 2007). Federal Rule of Civil Procedure 23 had no bearing, it added, because "§901(b) is a matter not covered by [Rule] 23." *Id.*, at 185, n. 3.

The Second Circuit summarily affirmed on the basis of its decision (issued the same day by the same panel) in *Bonime* v. *Avaya, Inc.*, 547 F. 3d 497 (2008). *Bonime* held that §901(b) applies to suits brought under the Act in federal court for two reasons. First, it read the Act to require that federal courts treat claims under the Act as though they arise under state law and therefore are sub-

ject to *Erie*. 547 F. 3d, at 501. Second, *Bonime* held that §227(b)(3)'s text—which provides that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" a suit for actual and statutory damages—forbids federal courts from hearing suits under the Act that would be barred in state court. 547 F. 3d, at 502.

*Shady Grove Orthopedic Associates, P. A.* v. *Allstate Ins. Co.*, 559 U. S. ___ (2010), held that, irrespective of *Erie*, §901(b) does not apply to state-law claims in federal court because it is validly pre-empted by Rule 23. *Id.*, at ___– ___ (slip op., at 3–12); *id.*, at ___–___ (plurality opinion) (slip op., at 12–16); *id.*, at ___–___ (STEVENS, J., concurring in part and concurring in judgment) (slip op., at 14– 22). That holding assuredly affects—and in all likelihood eliminates—*Bonime*'s primary basis for applying §901(b) in federal court. The dissent insists, however, that *Bonime*'s second ground remains unaffected. *Post*, at 3 (opinion of GINSBURG, J.).

On one reading of *Bonime*'s opaque second ground, that is true: If the Second Circuit meant that §227(b)(3) requires federal courts hearing claims under the Act to apply *all* state procedural rules that would effectively bar a suit, then *Shady Grove* has no bearing. That is, however, a highly implausible reading of the Act. Besides effecting an implied partial repeal of the Rules Enabling Act, 28 U. S. C. §2072, it would require federal courts to enforce any prerequisite to suit state law makes mandatory—a state rule limiting the length of the complaint, for example, or specifying the color and size of the paper.

A more probable meaning of *Bonime*'s second ground is that when a State closes its doors to claims under the Act §227(b)(3) requires federal courts in the State to do so as well; but when such claims are allowed, the federal forum may apply its own procedures in processing them. See 547 F. 3d, at 502 ("This statutory language is unambiguous—a

claim under the [Act] cannot be brought if not permitted by state law"). Nothing in *Bonime* suggests, for example, that a federal court could not consolidate two suits under the Act for its own convenience, see Fed. Rule Civ. Proc. 42(a), even if the State's courts did not allow consolidation. Although that logic applies equally to Rule 23's method of combining claims, *Bonime* may simply have assumed—as the appellee urged it to conclude,[1] as a number of district courts had held,[2] and as the Second Circuit itself held three weeks later[3]—that Rule 23 does not address whether class actions are available for specific claims. If that is what *Bonime* had in mind, *Shady Grove* will likely affect the Second Circuit's analysis.

*Shady Grove* would also affect the outcome if the *Bonime* court believed that even if Rule 23 would otherwise allow a federal court to entertain a class action, §227(b)(3) supersedes Rule 23 by precluding suits that cannot be brought in state courts, including class actions barred by §901(b). *Shady Grove* reveals the error in this analysis: Section 901(b) does not prevent a plaintiff from *bringing* "an action to recover a penalty, or minimum measure of recovery created or imposed by statute"—as would be necessary to implicate §227(b)(3)—but only from "maintain[ing]" such a suit "*as a class action*" (emphasis added). *Shady Grove*, 559 U. S., at \_\_\_ (plurality opinion) (slip op., at 14); see also *id.*, at \_\_\_–\_\_\_ (slip op., at 4–8).

For these reasons, I concur in the Court's order.

---

[1] Brief for Defendant-Appellee in No. 07–1136 (CA2), pp. 35–36.

[2] See, *e.g., Leider* v. *Ralfe*, 387 F. Supp. 2d 283, 290 (SDNY 2005); *In re Relafen Antitrust Litigation*, 221 F. R. D. 260, 284–285 (Mass. 2004); *Dornberger* v. *Metropolitan Life Ins. Co.*, 182 F. R. D. 72, 84 (SDNY 1999).

[3] See *Shady Grove Orthopedic Assocs., P. A.,* v. *Allstate Ins. Co.*, 549 F. 3d 137, 143–145 (2008).