■ BCG PARTNERS, INC., et al., Appellants-Respondents, v AVISON YOUNG (CANADA) INC. et al., Respondents-Appellants. [67 NYS3d 588]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered July 18, 2016, which granted defendants' motion to dismiss the causes of action for tortious interference with contractual relations and prospective business relations, conspiracy, aiding and abetting breach of fiduciary duty, and unjust enrichment, and denied the motion to dismiss the causes of action for aiding and abetting breach of the duty of fidelity, theft of trade secrets, and injunctive relief, unanimously modified, on the law, to grant the motion as to the theft of trade secrets cause of action, and otherwise affirmed, without costs.

The cause of action for tortious interference with the Nevada and South Carolina agreements was correctly dismissed since plaintiffs' allegation of "but for" causation is conclusory (*see Cantor Fitzgerald Assoc. v Tradition N. Am.*, 299 AD2d 204 [1st Dept 2002], *lv denied* 99 NY2d 508 [2003]). In support of the cause of action for tortious interference with the broker agreements and the cause of action for tortious interference with prospective business relations, plaintiffs failed to allege interference by wrongful means (*see Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 193-194 [1980]). Plaintiffs' arguments addressed to the cause of action for aiding and abetting breach of fiduciary duty are unpreserved and in any event

unavailing, since no fiduciary relationship arises from an employment relationship (*see Rather v CBS Corp.*, 68 AD3d 49, 55 [2009], *lv denied* 13 NY3d 715 [2010]). The relationship between the parties is too attenuated to support a claim for unjust enrichment (*see Sperry v Crompton Corp.*, 8 NY3d 204, 215-216 [2007]).

The cause of action for theft of trade secrets should be dismissed since in the circumstances the means by which defendants allegedly lured the brokers away from nonparty Grubb & Ellis, i.e., offering them competitive compensation, are not wrongful or improper (*cf. Schroeder v Pinterest Inc.*, 133 AD3d 12, 28 [1st Dept 2015] [company officer gave confidential and proprietary information to competitor]; *Guard-Life Corp.*, 50 NY2d at 191 [wrongful means include "fraud or misrepresentation, . . . and some degrees of economic pressure; they do not, however, include persuasion alone although it is knowingly directed at interference with the contract"]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Gische, J.P., Webber, Oing, Singh and Moulton, JJ.