BGC Partners, Inc. v Avison Young (Canada) Inc. (2018 NY Slip Op 02290)





BGC Partners, Inc. v Avison Young (Canada) Inc.


2018 NY Slip Op 02290


Decided on April 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2018

Webber, J.P., Oing, Singh, Moulton, JJ.


5242 652669/12

[*1]BGC Partners, Inc., et al., Plaintiffs-Appellants-Respondents,
v
Avison Young (Canada) Inc., et al., Defendants-Respondents-Appellants.


Emily Milligan, New York, for appellants-respondents.
Kirkland & Ellis LLP, New York (Nathaniel J. Kritzer of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered July 18, 2016, which granted defendants' motion to dismiss the causes of action for tortious interference with contractual relations and prospective business relations, conspiracy, aiding and abetting breach of fiduciary duty, and unjust enrichment, and denied the motion to dismiss the causes of action for aiding and abetting breach of the duty of fidelity, theft of trade secrets, and injunctive relief, unanimously modified, on the law, to grant the motion as to the theft of trade secrets, aiding and abetting breach of the duty of fidelity and injunctive relief causes of action, and otherwise affirmed, the Court is directed the enter judgment accordingly, without costs.
The cause of action for tortious interference with the Nevada and South Carolina agreements was correctly dismissed since plaintiffs' allegation of "but for" causation is conclusory (see Cantor Fitzgerald Assoc. v Tradition N. Am., 299 AD2d 204 [1st Dept 2002], lv denied 99 NY2d 508 [2003]). In support of the cause of action for tortious interference with the broker agreements and the cause of action for tortious interference with prospective business relations, plaintiffs failed to allege interference by wrongful means (see Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 193-194 [1980]). Plaintiffs' arguments addressed to the cause of action for aiding and abetting breach of fiduciary duty are unpreserved and in any event unavailing, since no fiduciary relationship arises from an employment relationship (see Wilson v Dantas, 29 NY3d 1051, 1064 [2017]). The relationship between the parties is too attenuated to support a claim for unjust enrichment (see Sperry v Crompton Corp., 8 NY3d 204, 215-216 [2007]).
The cause of action for theft of trade secrets should be dismissed since in the circumstances the means by which defendants allegedly lured the brokers away from nonparty Grubb & Ellis, i.e., offering them competitive compensation, are not wrongful or improper (cf. Schroeder v Pinterest Inc., 133 AD3d 12, 28 [1st Dept 2015] [company officer gave confidential and proprietary information to competitor]; Guard-Life Corp., 50 NY2d at 191 [wrongful means include "fraud or misrepresentation, ... and some degrees of economic pressure; they do not, however, include persuasion alone although it is knowingly directed at interference with the contract"]).
Since the offer of competitive compensation is not wrongful or improper, we also dismiss plaintiffs cause of action for aiding and abetting breach of the duty of fidelity (Kaufman v Cohen, 307 AD2d 113, 125-126 [1st Dept 2003] [A party may be held liable for aiding and abetting only when they provide substantial assistance to the primary violator. "Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur"]). Plaintiffs have not alleged any other means in which defendants substantially assisted the breach other than by offering competitive compensation.
We have considered the parties' remaining arguments for affirmative relief and find them [*2]unavailing.
The Decision and Order of this Court entered herein on December 14, 2017 (156 AD3d 531 [1st Dept 2017]) is hereby recalled and vacated (see M-257 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 3, 2018
CLERK